BARBARA PAKULA, Formerly BARBARA RODIN, Appellant, v JULES RODIN et al., Respondents.—Order, Supreme Court, New York County, entered March 8, 1978, granting defendants' motion to vacate a default judgment entered against Anita Rodin on November 1, 1976, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $50 costs and disbursements of this appeal to appellant, and the motion to vacate denied. In this action brought under section 273 of the Debtor and Creditor Law, plaintiff seeks damages from her former husband (Jules Rodin) and his present wife (Anita Rodin) on the claim that her former husband, while indebted to her for arrears in alimony and child support, fraudulently conveyed to his present wife assets in excess of the amount owed plaintiff and without fair consideration therefor. On May 10, 1976, plaintiff served interrogatories upon counsel for the defendants, addressed to both defendants and requiring both of them to answer the several questions presented. The interrogatories were answered by the husband, alone, and then only on July 28, 1976, after expiration of the time fixed to respond in a conditional order of preclusion, and after the plaintiff had noticed the settlement of an order directing entry of judgment. Anita Rodin not having answered the interrogatories, plaintiff entered a default judgment against her on November 1, 1976. More than a year later, on November 7, 1977, defendant's counsel moved to vacate the default judgment entered against the defendant Anita Rodin. Two points were advanced. First, it was alleged there was a meritorious defense in that the funds turned over to his wife

during Jules Rodin's period of insolvency were placed in a certain account from which his bills were paid. Second, it was asserted that Jules Rodin, as the more knowledgeable of the defendants, could properly answer the interrogatories on behalf of both. We have concluded that it was an inappropriate exercise of discretion for Special Term to vacate the default in view of the complete failure to explain why one year was permitted to elapse before so moving. There is no showing of merit. Moreover, it is noted that even at that late date no answers to the interrogatories were proffered. Concur—Murphy, P. J., Silverman, Fein, Markewich and Sandler, JJ.